IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 01-CR-30123-MJR |
| | ) |
| TIMOTHY BROWN, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM and ORDER

**REAGAN, District Judge:**

After a four-day trial, a jury convicted Timothy Brown of two narcotics offenses. The Court sentenced Brown to life imprisonment on one charge and 360 months in prison on the other, to be served concurrently. Judgment was entered on May 9, 2002. Brown appealed.

The United States Court of Appeals for the Seventh Circuit affirmed this Court's judgment on May 2, 2003. ***United States v. Brown***, **328 F.3d 352 (7th Cir. 2003).** Brown filed a petition for writ of certiorari with the United States Supreme Court. On January 12, 2004, the Supreme Court denied the petition. ***Brown v. United States***, **540 U.S. 1113 (2004).** Brown did not collaterally attack his sentence under **28 U.S.C. § 2255.**

In March 2005, the undersigned District Judge received a letter from Brown requesting an extension of the deadline to file a § 2255 motion. By electronic Order issued March 18, 2005, this Judge explained that he could not communicate on an *ex parte* basis with a litigant such as Brown, and all requests for relief must be contained in properly filed motions which have been served on opposing counsel. *See* Doc. 77.

One month later, on April 18, 2005, the undersigned Judge received a cover letter and attached pleading from Brown. The Court construed the April 18th pleading as a request for extension of time in which to file a motion to vacate, set aside, or correct sentence under **28 U.S.C. § 2255**. The Clerk's Office scanned and docketed the pleading accordingly, and the Court directed the Government to respond thereto by April 26, 2005. The Government complied with this directive, and the Court has reviewed both Brown's motion and the Government's response.

Stated simply, Brown missed the deadline for filing a § 2255 motion and seeks additional time in which to do so. For the reasons stated below, the Court declines his request.

A one-year limitation period governs petitions for relief under § 2255. The period for filing a § 2255 motion begins to run from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. § 2255 ¶ 6;** *Nolan v. U.S.*, **358 F.3d 480, 483 (7th Cir. 2004).**

The first subsection applies here. Brown's judgment of conviction became final on the day the United States Supreme Court denied his petition for a writ of certiorari – January 12, 2004. *See Clay v. United States*, **537 U.S. 522, 527 (2003)(a direct appeal becomes "final" when the Supreme Court affirms a conviction on direct review or denies a petition for writ of certiorari, or the time for filing a certiorari petition expires).** *See also Newell v.* **Hanks, 283**

F.3d 827, 833 (7th Cir. 2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1009 (7th Cir. 2000), for the proposition that "the one-year time begins to run the day after the Court denies certiorari, thereby giving defendants until the close of business on the 'anniversary date' of the denial to file their habeas motion.").

Brown's certiorari denial occurred on January 12, 2004, so he had until January 12, 2005 to file any § 2255 motion. Clearly, he missed that deadline. The only question is whether Brown has stated facts triggering the doctrine of equitable tolling. The law of this Circuit does recognize the possibility of equitable tolling for § 2255 petitioners. ***Nolan*, 358 F.3d at 484.** But this remedy is reserved for situations in which "extraordinary circumstances far beyond the litigant's control ... prevented timely filing" of the § 2255 motion. No such extraordinary circumstances exist in the case at bar. ***See, e.g., Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003)(refusing to apply equitable tolling in the § 2254 context where the petitioner's attorney missed the filing deadline by only one day).**

For these reasons, the Court **DENIES** Brown's April 2005 motion to extend time in which to file a motion under **28 U.S.C. § 2255** (Doc. 79).

**IT IS SO ORDERED.**

**DATED this 27th day of April, 2005.**

> s/ Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Judge**