IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. ) Case No. 01-CR-30123-MJR
)
TIMOTHY BROWN, JR., )
)
Defendant. )

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

A four-day jury trial in January 2002 resulted in Defendant Brown's acquittal on two charges (Counts 1 and 2 of the indictment) and conviction on two other charges (Counts 3 and 4). In May 2002, the undersigned Judge sentenced Defendant Brown to life imprisonment on Count 3 and a term of 360 months in prison on Count 4, to be served concurrently. Judgment was entered May 9, 2002. Brown appealed. The United States Court of Appeals for the Seventh Circuit affirmed this Court's judgment in May 2003. ***United States v. Brown*, 328 F.3d 352 (7th Cir. 2003).**[1]

On May 9, 2008, the undersigned Judge received a polite letter from Brown which, *inter alia*, inquired whether Brown's sentence merits reconsideration based on "new law that changed on crack cocaine." The Court will treat this letter as a motion to reduce sentence under 18 U.S.C. 3582(c)(2).

---

[1] In April 2005, this Court denied Brown's motion to file a belated motion collaterally challenging his sentence under 28 U.S.C. § 2255. *See* Doc. 86.

The Clerk's Office is **DIRECTED** to docket the letter as a pro se motion to reduce sentence. This Order **ADVISES** Brown how his motion will be handled in this District Court.

On December 10, 2007, the United States Supreme Court scrutinized the crack-cocaine-to-powder-cocaine sentencing disparity in the U.S. Sentencing Guidelines and held that federal district courts can deviate from those Guidelines in appropriate circumstances. ***Kimbrough v. United States*, – U.S. –, 128 S. Ct. 558 (2007).** The following day, the U.S. Sentencing Commission determined that the November 2007 amendments to the Guidelines (which *reduced* the base offense level associated with some crack cocaine offenses) would be retroactively applied as of March 3, 2008.

Shortly thereafter, Chief Judge Herndon of this Court issued Administrative Order 102. Administrative Order 102 addressed the motions to reduce sentence which were and are being filed after the Guideline amendments. Administrative Order 102 – which applies to Brown's motion – appointed the Federal Public Defender's Office of the Southern District of Illinois to represent any defendant who files a motion based on these amendments.[2]

Brown's motion will be docketed in this Court, and the Federal Public Defender's Office will be advised of the filing (as will the United States Attorney's Office for this District).

---

[2] Although Administrative Order 102 appointed the Public Defender's Office to represent Brown on his motion to reduce sentence, that appointment does not prevent Brown from hiring private counsel, if he can afford to do so.

At this stage, the Court will *not* require the U.S. Attorney's Office to file a formal response to Brown's motion. Rather, the undersigned Judge will carefully monitor the status of this motion and, at a later point, if a formal response or a hearing would be helpful, the Court will enter a separate Order setting a briefing schedule or hearing, as appropriate.

This Order does <u>not</u> constitute a finding that the amendments in question apply to Brown or that any sentence reduction is merited in this case.

IT IS SO ORDERED.

DATED this 9th day of May 2008.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge