IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 01-cr-30123-MJR |
| TIMOTHY BROWN, | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST FUND ACCOUNT

**REAGAN, Chief Judge:**

Following Defendant Brown's conviction at jury trial on narcotics violations, the undersigned sentenced Defendant to a term of life imprisonment, a $25,000 fine, and a $200 special assessment. Brown appealed without success. ***See United States v. Brown, 328 F.3d 352 (7th Cir. 2003).*** In the years since then, Brown paid the $200 special assessment and has made regular payments toward his fine. The records maintained by the financial department of the Clerk's Office reveal that, as of August 15, 2017, Brown still owes **$18,540.45** on his fine.

In a July 20, 2017 motion (Doc. 127), the Government seeks to access funds in Brown's account at USP-McCreary to apply to his unpaid fine. The account in question is an inmate trust account (also sometimes referred to as an "individual inmate commissary account," *see* 28 C.F.R. 506, *et seq.*) maintained by the U.S. Bureau of Prisons (BOP), which is an agency within the Department of Justice. Specifically, the

Government asks the undersigned to direct the BOP to turn over $4,060 in Brown's inmate trust account to be applied to his outstanding debt in this case.[1]

Several methods exist for the United States to collect debts like restitution and fines resulting from criminal prosecution. The availability of garnishment proceedings as one mechanism to do so does not curtail the United States' right under other laws to collect a fine, penalty, or restitution arising in a criminal case: "pursuant to 18 U.S.C. § 3613(a) and (f) of the FDCPA [Fair Debt Collection Practices Act], the United States is authorized to enforce a judgment imposing a fine or restitution 'in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.'" ***United States v. Meux*, 597 F.3d 835, 837 (7th Cir. 2010),** *citing* **18 U.S.C. 3613(a) & (f), and *United States v. Hosking*, 567 F.3d 329, 334–35 (7th Cir. 2009).**

The Government cites 18 U.S.C. 3613, which discusses civil remedies for satisfaction of an unpaid fine. Section 3613(c) provides that a fine imposed under certain federal statutes (or an order of restitution under other statutes) creates a "lien in favor of the United States on all property ... of the person fined," just as if the United States held a tax lien on the person's property; the "lien arises on the entry of judgment and continues until the liability is satisfied, remitted," set aside or rendered unenforceable. Section 3613(a) provides that the United States may enforce a judgment imposing a fine "against all property or rights to property of the person fined,"

---

[1] In several places, the motion erroneously referenced the payment of Brown's *restitution*. However, in its August 15, 2017 authorized reply brief, the Government clarified that Defendant's only debt is a *fine*, he owes no restitution, and the mention of restitution was erroneous. *See* Doc. 134, p. 1.

except for specific exemptions delineated in 18 U.S.C. 3664, such as items of wearing apparel, certain annuity and pension payments, and a set amount of personal effects, etc. Here, the Government maintains that cash held in an inmate trust account does not fit within any category of exempt property under 18 U.S.C. 3613(a)(1) or 3664, so the funds in Brown's inmate trust account are not exempt from fine payment.

The United States Court of Appeals for the Seventh Circuit "has upheld the authority of the trial court to order that fines imposed may be satisfied by withdrawing sums of money from the inmate's prison earnings." ***United States v. Sanchez-Estrada,* 62 F.3d 981, 989 (7th Cir. 1995),** *citing **United States v. Gomez,* 24 F.3d 924, 926-97 (7th Cir. 1994), and *United States v. House,* 808 F.2d 508, 510 (7th Cir. 1986).** [2] So, among the methods available to the Government is the BOP's inmate payment program.

But, as explained in an unpublished Seventh Circuit opinion earlier this year, "regardless of an inmate's participation in the program, the government remains free to use 'all other available and reasonable means' to collect restitution." ***United States v. Lemberger,* 673 F. App'x 579, 580 (7th Cir. 2017).** In *Lemberger*, the Seventh Circuit affirmed the district court's order directing the BOP to turn over funds in an inmate trust account for satisfaction of the inmate's restitution obligation. The Court emphasized that such obligations may be enforced in the manner provided for in

---

[2] Although the Inmate Financial Responsibility Program permits prisoners to retain the first half of their earned wages, it clearly states that the other half of earnings are assessable to satisfy fine obligations. *Sanchez-Gomez,* **62 F.3d at 989,** *citing* **28 C.F.R. 545.10-545.11.**

Page | 3

18 U.S.C. 3571-3574 and 18 U.S.C. 3611-3615 *plus* "all other available and reasonable means." *Id.* **at 580,** *quoting* **18 U.S.C. 3664(m)(1)(A), emphasis added.**

In the case at bar, the Government asks the undersigned to order the BOP to turn over funds in Defendant's prison account to be applied to his criminal fine obligation. The undersigned gave Brown an opportunity to respond to the motion. He did so in a timely fashion on August 2, 2017 and supplemented that response on August 3, 2017 (Docs. 131, 132). Brown politely and pointedly expresses his objection to the motion, protests that he has faithfully participated in the Inmate Financial Responsibility Program (paying $60.00 every three months), stresses that he has not missed a payment or "been short" on these fine payments for over fifteen years, and argues that it is unfair that other money his "family works so hard for" can be frozen and seized by the Government (Doc. 131, p. 1; p. 132, p. 1).[3]

The undersigned is not unsympathetic to Defendant's position. However, Defendant has not offered a sound legal basis to deny the pending motion. The statutory provisions relied on by the Government permit the non-exempt funds in Brown's BOP inmate trust account to be taken and applied toward his criminal monetary obligation.

---

[3] The Inmate Financial Responsibility Program is a program through which BOP staff members help inmates develop plans to meet their financial obligations. "Inmates who do not participate may lose a number of privileges," such as prison job training programs, furloughs, and higher commissary spending limits, and access to community-based programs. But is it a purely voluntary program. ***United States v. McKnight*, 665 F.3d 786, 795 (7th Cir. 2011),** *citing* **28 C.F.R. 545.10-545.11, and** *United States v. Boyd,* **608 F.3d 331, 333 (7th Cir. 2010).**

As to the source of the funds in Brown's account, 18 U.S.C. 3664(n) states: "If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." The Government's reply brief exhibits (Doc. 134-1) confirm that Defendant now has substantial resources in his account. His balance was $100.25 at the beginning of the year but reached over $4500 as of August 4, 2017.

Simply stated, federal law gives the Government a lien on Defendant's inmate trust account and obliges him to apply any "substantial resources" in that account to the fine that he still owes. **Lemberger, 673 F. App'x at 579, *citing* 18 U.S.C. 3613(c), 3664(k), and 3664(n).** Defendant's participation in the Inmate Financial Responsibility Program does not preclude the Government from collecting the fine through all other available reasonable means, including 18 U.S.C. 3613. **Lemberger at 680, *citing* 18 U.S.C. 3664(m)(1)(A)(ii).**

Just last month, in an appeal challenging a district court's turnover order directed at satisfying a criminal restitution obligation with funds in an inmate's retirement accounts, the Seventh Circuit emphasized the breadth of 18 U.S.C. 3613(c).

> [A] restitution order is a lien in favor of the government on "all property and rights to property" of the defendant and is treated as if it were a tax lien. 18 U.S.C. § 3613(c); *see also United States v. Kollintzas*, 501 F.3d 796, 802 (7th Cir. 2007). With the exception of exempt property, which is not at issue here, this broad language is intended to "reach every interest in property that a taxpayer might have." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719-20 … (1985). This means the government steps into the defendant's shoes, "aquir[ing] whatever rights the [defendant] himself possesses." *Id*. at 725, 105 S. Ct. 2919.

*United States v. Sayyed*, 862 F.3d 615, 618–19 (7th Cir. July 6, 2017).

Accordingly, the Court **GRANTS** the Government's motion (Doc. 128) which was directed to **$4,060** in Defendant's inmate trust account (*id.*, p. 2). The undersigned **AUTHORIZES** the Bureau of Prisons to turn over to the Clerk of this Court (for application toward the outstanding criminal <u>fine</u> obligation in this case) **$4,060** held in the trust account of inmate Timothy Brown, Jr., Reg. No. 05664-025, USP-McCreary, 330 Federal Way, Pine Knot KY 42635. Payment shall be made to the Clerk of the District Court, 750 Missouri Avenue, East St. Louis, Illinois 62201. The United States shall provide a copy of this Order to the BOP. The Clerk's Office shall provide a copy of this Order to Defendant Brown.

IT IS SO ORDERED.

DATED August 15, 2017.

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge
